UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JESSICA LYNN V.,[1]

                               Plaintiff,              6:24-cv-43 (BKS/PJE)

v.

COMMISSIONER OF SOCIAL SECURITY,

                               Defendant.
_____

**Appearances:**

*For Plaintiff:*
Eddy Pierre Pierre
Pierre Pierre Law, P.C.
15 Park Place, 2nd Floor, Suite 4
Bronxville, NY 10708

*For Defendant:*
Daniel Hanlon
Acting United States Attorney
Nahid Sorooshyari
Special Assistant United States Attorney
Social Security Administration
6401 Security Boulevard
Baltimore, MD 21235

**Hon. Brenda K. Sannes, Chief United States District Judge:**

MEMORANDUM-DECISION AND ORDER

I.     INTRODUCTION

       Plaintiff Jessica Lynn V. filed this action under 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security denying Plaintiff's application for disability insurance benefits. (Dkt. No. 1). This matter was referred to United States Magistrate Judge

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect her privacy.

Christian F. Hummel for a Report-Recommendation. (Dkt. No. 7); N.D.N.Y. L.R. 72.3(e). On December 2, 2024, after reviewing the parties' briefs and the Administrative Record,[2] (Dkt. Nos. 12, 13, 17, 18), Magistrate Judge Hummel issued a Report-Recommendation recommending that Plaintiff's motion for judgment on the pleadings be denied, that the Commissioner's motion for judgment on the pleadings be granted, and that the final decision of the Commissioner be affirmed. (Dkt. No. 19). Plaintiff timely filed objections to the Report-Recommendation and the Commissioner responded. (Dkt. Nos. 20, 21). For the following reasons, the Court adopts the Report-Recommendation and upholds the decision of the Commissioner.

## II. STANDARD OF REVIEW

The Court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012) (citing Fed. R. Civ. P. 72(b)(2) and 28 U.S.C. § 636(b)(1)(C)). "A proper objection is one that identifies the specific portions of the [Report-Recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted). Properly raised objections "must be specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *See Kruger*, 976 F. Supp. 2d at 296. To the extent a party makes "merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original" submission, the Court will only review for clear

---

[2] The Court cites to the Bates numbering in the Administrative Record, (Dkt. No. 12), as "R." throughout this opinion, rather than to the page numbers assigned by the CM/ECF system.

error. *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citations and internal quotation marks omitted).

### III. DISCUSSION

Plaintiff has not raised any objections to the background and procedural history, legal standards, or summary of the ALJ's disability evaluation as set forth in the Report-Recommendation. (*See* Dkt. No. 19, at 2–6). The Court therefore adopts Magistrate Judge Hummel's summary of the relevant background and applicable law and presumes familiarity with those matters for the purposes of this decision. The Court also adopts those aspects of the Report-Recommendation to which neither party has raised a specific objection, finding no clear error therein. *See Kruger*, 976 F. Supp. 2d at 296.

Plaintiff argues that the Magistrate Judge erred in finding "that the ALJ applied proper legal standards" in determining none of Plaintiff's impairments were severe, (Dkt. No. 20, at 1–3), and erred in finding "that the ALJ properly considered" the Plaintiff's subjective testimony, (*id.* at 3–6). In response, the Commissioner states that these objections "are nothing more than [Plaintiff's] arguments copied and pasted from earlier briefs considered and rejected by Magistrate Judge Hummel" and thus should be subject to clear error review. (Dkt. No. 21, at 2). The Commissioner further argues that "even if the findings of fact and conclusions of law challenged by this objection were entitled to *de novo* review, they would survive that review, for the reasons stated in Defendant's underlying brief before the Magistrate Judge, as well as the report and recommendation." (*Id.* at 3 (citations omitted)).

With respect to the first objection, the Court agrees with the Commissioner that Plaintiff has merely repeated the arguments that the Magistrate Judge comprehensively addressed in his Report-Recommendation. Plaintiff argues that "the standard at Step Two is *de minimis*," and that Plaintiff has presented enough evidence to meet the standard, (Dkt. No. 20, at 1–2), which is the

3

same argument she put forward in her opening brief, (*see* Dkt. No. 13, at 9–11).[3] Such an objection does not address Magistrate Judge Hummel's thorough explanation that the ALJ's decision to find none of Plaintiff's impairments severe is supported by substantial evidence, (Dkt. No. 19, at 8–12), and that "the ALJ appropriately considered" the evidence supporting Plaintiff's position "alongside the rest of the record," (*id.* at 13).

Plaintiff also repeats her argument that the ALJ's failure to find a medically determinable impairment severe could only have been harmless error if she continued with the rest of the analysis. (Dkt. No. 20, at 3; *see also* Dkt. No. 13, at 12–13). This is fundamentally non-responsive to the Report-Recommendation, which did not find the ALJ's determination to be error, and entirely ignores the Magistrate Judge's explanation that "because [P]laintiff did not have any 'severe' impairments, the ALJ had the authority to end the analysis at step two." (Dkt. No. 19, at 13 (citing 20 C.F.R. § 404.1520(c)). Plaintiff's selective quotations from *Egenie M. v. Comm'r of Soc. Sec.*, No. 23-cv-1251, 2024 WL 5052953, at *16, 17, 2024 U.S. Dist. LEXIS 222551, at *46, 51 (N.D.N.Y. Dec. 9, 2024), *report and recommendation adopted*, 2025 WL 81074, 2025 U.S. Dist. LEXIS 5838 (N.D.N.Y. Jan. 13, 2025), a case in which the ALJ erred by *not evaluating* the severity of a medically-determinable impairment at step two, are likewise entirely inapposite. (*See* Dkt. No. 20, at 3).

The Court finds that Plaintiff's objection on this issue is "merely perfunctory" and argued in an attempt to engage the district court in a rehashing of the same arguments set forth in" Plaintiff's opening brief. *Ortiz*, 558 F. Supp. 2d at 451. Accordingly, the Court reviews the

---

[3] A paragraph describing relevant evidence that originally appeared in Plaintiff's opening brief was split into two paragraphs but otherwise reproduced verbatim in her objections. (*Compare* Dkt. No. 13, at 11 *with* Dkt. No. 20, at 2).

Report-Recommendation's discussion of this issue for clear error, and, finding none, adopts this portion of the Report-Recommendation.

Plaintiff's second objection, that "[t]he Magistrate Judge erred in his assertion that the ALJ properly considered [Plaintiff's] subjective testimony," is based on the argument that "the ALJ mischaracterized the evidence to support her conclusion" and more particularly that the Magistrate Judge's interpretation of the ALJ's statement regarding Plaintiff's use of specialists was incorrect. (Dkt. No. 20, at 3–4). As this objection is sufficiently "specific and clearly aimed at particular findings" in the Report-Recommendation, the Court will review the issue of whether the ALJ improperly discounted Plaintiff's subjective testimony *de novo*. *See Molefe*, 602 F. Supp. 2d at 487.

"The regulations provide a two-step process for evaluating a claimant's assertions of pain and other limitations. At the first step, the ALJ must decide whether the claimant suffers from a medically determinable impairment that could reasonably be expected to produce the symptoms alleged." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (citing 20 C.F.R. § 404.1529(b)). "If the claimant does suffer from such an impairment, at the second step, the ALJ must consider 'the extent to which [the claimant's] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence' of record." *Id.* (citing 20 C.F.R. § 404.1529(a)).

Plaintiff objects to the ALJ's evaluation at the second step, arguing "one of the main reasons provided by the ALJ" for discounting her subjective testimony was her "supposed failure to seek 'treatment from a specialist,'" when Plaintiff "treated with neurologist Dr. Jacob by referral of Dr. Pachikara." (Dkt. No. 20, at 3 (citations omitted)). In her determination, the ALJ stated the following after summarizing Plaintiff's subjective testimony:

> After considering the evidence of record, I find that the claimant's medically determinable impairments could reasonably be expected

5

>to produce the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent for the reasons explained in this decision.
>
>The objective evidence of record fails to support the level of severity alleged by the claimant and illustrates that the claimant's medically determinable impairments are non-severe. The conclusion that the claimant does not have an impairment or combination of impairments that significantly limits his or her ability to perform basic work activities is consistent with the objective medical evidence and other evidence.

(R. 14–15). The ALJ then states, in a new paragraph, that "[t]he claimant not [sic] received treatment from a specialist; all treatment has been rendered by a general practitioner." (*Id.* at 15).

While Plaintiff argues that "the invalid rationale was the first one provided by the ALJ for rejection of *all* subjective testimony" and that the ALJ's language "clearly demonstrates the ALJ's primary reason for rejecting [Plaintiff's] subjective testimony was based on a misconception of the evidence," (Dkt. No. 20, at 4), the Court disagrees. Although the exact scope of the contested statement is not entirely clear, the Court concurs with Magistrate Judge Hummel that because "the ALJ made this statement at the start of the section resolving [P]laintiff's physical impairments," the statement does not appear to be part of the ALJ's rationale regarding Plaintiff's *mental* impairments, to which Dr. Jacob's testimony is relevant. (*See* Dkt. No. 19, at 17–18 (citing R. 15)). And the Court likewise agrees with Magistrate Judge Hummel that "the ALJ noted Dr. Jacob's examination and MRI in the section discussing [P]laintiff's mental impairments, indicating Dr. Jacob's specialty was considered" such that the Court "can glean the ALJ's rationale from the decision as a whole." (Dkt. No. 19, at 18 (citations omitted); *see also* R. 16 ("[T]he claimant's treating source has observed that her memory is no more than mildly impaired and diagnosed her with a mild cognitive impairment." (citing R. 410–

6

11)), 17 (finding "noteworthy" that a May 10, 2022 MRI of Plaintiff's brain "showed essentially unremarkable results with no evidence of enhancing mass or acute infarct" (citing R. 412))).

Finally, even if the ALJ had misconstrued the evidence, Plaintiff has failed to adequately explain why such error would justify remand. "If the [Commissioner's] findings are supported by substantial evidence, the court must uphold the ALJ's decision to discount a claimant's subjective complaints." *Aponte v. Sec'y, Dep't of Health and Human Servs.*, 728 F. 2d 588, 591 (2d Cir. 1984) (citations omitted). Aside from arguing that Dr. Jacobs' evidence was mischaracterized, Plaintiff does not object to the Report-Recommendation's finding that the facts cited by the ALJ in support of her credibility determination "provide substantial evidence to support the ALJ's conclusion that [P]laintiff's impairments were not as severe as alleged for purposes of her disability application." (Dkt. No. 19, at 16 (citations omitted); *see also* R. 16–18 (considering evidence from Plaintiff's medical records, her reported activities, and medical opinions)). The Court therefore finds that if any error had occurred, such error would be harmless. *Accord Messina v. Astrue*, No. 9-cv-2509, 2009 WL 4930811, at *7, 2009 U.S. Dist. LEXIS 118831, at *26 (S.D.N.Y. Dec. 21, 2009) ("Even if the ALJ failed to consider [the claimant's] work record as a factor in his credibility determination, it is harmless error, as substantial evidence in the record supports the ALJ's credibility assessment.").

Having otherwise reviewed the parts of the Report-Recommendation to which no objections were filed for clear error and found none, the Court adopts the Report-Recommendation.

## IV.   CONCLUSION

For these reasons, it is hereby

**ORDERED** that the Report-Recommendation, (Dkt. No. 19), is **ADOPTED**; and it is further

**ORDERED** that Plaintiff's motion for judgment on the pleadings, (Dkt. No. 13), is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings, (Dkt. No. 17), is **GRANTED**.

**IT IS SO ORDERED.**

Dated: February 19, 2025
Syracuse, New York

*Brenda K. Sannes*
Brenda K. Sannes
Chief U.S. District Judge